PEARSON, Judge.
The petitioner was a plaintiff in a personal injury action brought in the circuit court and he recovered a judgment for only $1,200 and costs. He then filed in the cause pursuant to section 77.03, Fla. Stat., F.S.A., an affidavit for writ of garnishment. The writ issued, was served, and garnishee’s answer was filed. A trial was begun upon garnishor’s traverse of garnishee’s answer. At the conclusion of garnishor’s case the trial judge, acting upon the oral motion of the garnishee, transferred the cause to the Civil Court of Record because the amount in controversy was less than $5,000. See Rule 1.39, Florida Rules of Civil Procedure, 30 F.S.A.
The order of the trial judge is in excess of his jurisdiction and contrary to the statute provided in this type of case. Section 77.03, supra, by its terms specifies that for the procurement of a writ of garnishment after judgment, “the plaintiff, his agent or attorney, shall make and file in the court where such judgment has been obtained an affidavit * * (Emphasis supplied.) This section and succeeding sections provide for the issuance of the writ and its service. Former section 77.11, Fla.Stat., F.S.A., repealed in 1953 by c. 28301, § 15, Laws of Florida, provided for a trial upon traverse of a garnishee’s answer. The repealed section was a part of the same statute (c. 43, Laws of Florida 1845) of which the present § 77.03, supra, was a part. The practice prescribed has not been changed but the repeal of section 77.11, Fla.Stat., F.S.A., was effected only to conform to the existing court rules promulgated by the Supreme Court. Rule 2.12(a), Florida Rules of Civil Procedure, 31 F.S.A., provides for plaintiff’s traverse of garnishee’s answer and trial. These proceedings in garnishment are therefore ancillary to, and in the enforcement of, the final judgment rendered in the cause where the court obtained “original jurisdiction” [1] and rendered judgment.
Having reached the conclusion that the essential requirements of the law have been violated whereupon the plaintiff would suffer in subsequent proceedings, we grant the *782 petition for writ of certiorari. The order of the court transferring the cause is quashed.
Writ granted.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Constitution of the State of Florida, Article V, section 6, F.S.A.